# EXHIBIT A

Daniel Zemel ID# 111402014
Nicholas Linker ID# 146732015
Zemel Law LLC
78 John Miller Way Suite 430
Kearny, NJ 07032
T:862-227-3106
Attorneys for Plaintiff

| | |
|---|---|
| LEROY FRANCE, | Case No.: |
| Plaintiff, | |
| vs. | Civil Action |
| CENLAR FSB, | |
| Defendant. | COMPLAINT |

Plaintiff, Leroy France, (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, (hereinafter "TCPA").

## JURSIDICTION AND VENUE

2. Defendant is a corporation headquartered in Mercer County, New Jersey.

## PARTIES

3. Plaintiff is a natural person, who at all relevant times has resided in Arkansas.

4. Defendant conducts business within the State of Arkansas with is corporate headquarters located at 425 Phillips Blvd, Ewing Township, NJ 08618.

## FACTUAL STATEMENT

5. Defendant has engaged in a course of activity intent on the collection of a debt derived from a mortgage.

6. To this end, Defendant has made calls to Plaintiff's cellular phone.

7. When Plaintiff would answer the calls, he would hear a prolonged delay or a pre-recorded message indicating an auto dialer was used.

8. Upon information and belief, Plaintiff has never provided consent, in any form, that would permit Defendant to place phone calls to his cellular phone, or any other device, which utilize an automated dialer system or that contain pre-recorded messages.

9. On or about March, 2016, Plaintiff explicitly told Defendant to stop calling on his cell phone. Despite this, Defendant repeatedly made calls to Plaintiff's cellular phone, dozens of times.

10. On many occasions thereafter, Plaintiff again explicitly told Defendant to stop calling. Defendant's response was that it would continue to call until the bill was paid.

11. The calls were made to (501) 515-3219, Plaintiff's cellular phone.

12. Upon information and belief, all calls placed by Defendant, to Plaintiff, were done so utilizing an automated dialer system, as same is defined by the TCPA.

13. Defendant was knowledgeable of the fact that the calls were being placed to a cellular device.

14. Upon information and belief, Defendant was knowledgeable that all calls placed were done so utilizing an automated dialer system.

15. As a result of the continuous calls to Plaintiff, Defendant violated Plaintiff's privacy rights. Further, the continuous calls to Plaintiff were abusive in nature, and would often leave Plaintiff checking his phone frequently, wasting valuable time and draining Plaintiff's battery.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

16. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them as if set forth specifically herein.

17. Plaintiff never provided consent to receive calls from Defendant, and even revoked consent on at least one occasion. Despite this, Defendant continued making auto dialed calls to Plaintiff's cellular phone.

18. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff seeks statutory damages, treble damages, costs, interest, and such other and further relief as may be just and proper.

## COUNT II
## INVASION OF PRIVACY—INTRUSION UPON SECLUSION

19. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them as if set forth specifically herein.

3

20. Defendant's outrageous, abusive, and undignified acts as described herein constituted intrusion upon Plaintiff's seclusion.

21. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

22. The intrusion was substantial, and of a kind that would be highly offensive to an ordinary reasonable person.

23. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of emotional distress mentioned above.

24. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered damages in an amount to be determined by proof and a finder of fact at trial.

25. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

WHEREFORE, Plaintiff seeks actual damages, punitive damages, costs, interest, and such other and further relief as may be just and proper.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

27. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

28. Defendants negligently inflicted emotional distress.

29. Defendants breached a duty imposed and failed to exercise ordinary care.

30. Defendants owed Plaintiff a duty to refrain from unlawful debt collections, unlawful telephone conduct, and a duty to abide by the Telephone Consumer Protection Act.

31. The breach of such duty proximately caused injury to Plaintiff.

32.     The injury resulted from an occurrence the nature of which these statutes and rights were designed to protect Plaintiff from.

33.     Plaintiff is a member of the class of persons the statutes were designed to protect.

34.     Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

35.     Further, Defendant's negligently trained, supervised, and retained, its employees and agents.

36.     Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendants wrongful conduct has caused harm as described above.

37.     It is clearly foreseeable that Defendants' actions as described herein could cause harm, including severe and serious emotional distress

38.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above.

39.     Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff seeks actual damages, punitive damages, costs, interest, and such other and further relief as may be just and proper.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION

40. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

41. Defendant negligently trained and supervised their employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

43. Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff seeks actual damages, punitive damages, costs, interest, and such other and further relief as may be just and proper.

WHEREFORE, Plaintiff seeks actual damages, attorney's fees, costs, interest, and such other and further relief as may be just and proper.

Dated:   January 17, 2018
         Kearny, New Jersey

## JURY DEMAND

Plaintiff's do hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Daniel Zemel as Trial Counsel pursuant to Rule 4:25-4.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

## CERTIFICATION PURSUANT TO R.4:5-1

The undersigned certifies that the matter in controversy is not the subject matter of any other action, and not the subject matter of any pending or anticipated arbitration proceeding, and that to the best of my knowledge all known parties have been joined as party litigants.

Additionally, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this certification.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

## CERTIFICATION PURSUANT TO R.1:38-7

I Certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R.1:38-7(a).

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:1-2 (b), demand is made that Defendant, disclose to Plaintiff's attorney, whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all judgment which may be entered in this action or indemnify or reimburse for payment made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover only primary coverage, but also any and all excess, catastrophe and umbrella policies.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

# EXHIBIT C

STRADLEY RONON STEVENS & YOUNG, LLP
BY:   L. John Vassalotti, III (NJ ID 019972011)
2005 Market Street, Suite 2600
Philadelphia, PA  19103
(215) 564-8000
(215) 564-8120 (fax)
jvassalotti@stradley.com

*Attorneys for Defendant,*
*Cenlar FSB*

| | |
|---|---|
| LEROY FRANCE, | SUPERIOR COURT OF NEW JERSEY |
| | MERCER COUNTY |
| Plaintiff, | LAW DIVISION |
| vs. | Docket No. L-000128-18 |
| CENLAR FSB, | **NOTICE OF FILING** |
| | **OF NOTICE OF REMOVAL** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1446(d), Defendant Cenlar FSB ("Cenlar"), by and through its undersigned counsel, hereby gives notice that it has filed in the United States District Court for the District of New Jersey the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ *L. John Vassalotti, III*
L. John Vassalotti, III (NJ ID 019972011)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7098
Phone: (215) 564-8000
Fax: (215) 564-8120
jvassalotti@stradley.com
*Attorneys for Defendant,*
*Cenlar FSB*

Dated: February 16, 2018

# 3467741 v. 1

## CERTIFICATE OF SERVICE

I, L. John Vassalotti, III, hereby certify that on February 16, 2018, I caused the foregoing Notice of Removal and accompanying exhibits, to be filed with the Court and to be served by United States mail, first class, postage prepaid, upon the following:

Daniel Zemel, Esq.
Nicholas Linker, Esq.
Zemel Law LLC
78 John Miller Way, Suite 430
Kearny, NJ 07032
*Counsel for Plaintiff*

/s/ *L. John Vassalotti, III*
L. John Vassalotti, III

# 3467741 v. 1